IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ERIC DEUTSCH, : <br> : <br> Plaintiff, : <br> : CIVIL ACTION FILE <br> v. : <br> : NO. <br> NCO FINANCIAL SYSTEMS, INC., : <br> a Pennsylvania corporation, : <br> : <br> Defendant. : <br> : | |

**COMPLAINT FOR DAMAGES**

**INTRODUCTION**

1. This is an action for damages against the defendant for violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. and supplemental state law claims under the Georgia Fair Business Practices Act.

**SUBJECT MATTER JURISDICTION**

2. Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337 (federal question jurisdiction).

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear and decide any related State law issues.

## PARTIES AND PERSONAL JURISDICTION

4. Plaintiff ERIC DEUTSCH is a resident of this State, District and Division and is authorized by law to bring this action.

5. Defendant NCO FINANCIAL SYSTEMS, INC. is a corporation organized under the laws of the State of Pennsylvania. [Hereinafter, said Defendant is referred to as "NCO"].

6. NCO transacts business in this State.

7. NCO maintains a physical office in this district.

8. NCO's transactions in this State give rise to the Plaintiff's Cause of Action.

9. NCO is subject to the jurisdiction and venue of this Court.

10. NCO may be served by personal service upon its registered agent in the State of Georgia, to wit: C T Corporation System, 1201 Peachtree Street, NE, Atlanta, Georgia 30361.

## FACTS COMMON TO ALL CAUSES

11. NCO uses the mails in its business.

12. NCO uses telephone communications in its business.

13. The principle purpose of NCO's business is the collection of debts.

14. NCO regularly collects or attempts to collect debts owed or due, or asserted to be owed or due, another.

15. NCO attempted to collect an alleged obligation of the Plaintiff to pay money to a business not a party to this litigation.

16. The alleged obligation of the Plaintiff arose out of a transaction in which the money, property, insurance or services which are the subject of the transaction were primarily for personal, family or household purposes.

17. Specifically, NCO attempted to collect an alleged obligation of the Plaintiff to pay money to United Parcel Service [hereinafter "UPS"] for the shipment of personal items to his father's home in New York.

18. NCO is a debt collector subject to the provisions of the Fair Debt Collection Practices Act.

19. On August 18, 2011, NCO called Plaintiff in an attempt to collect the alleged debt.

20. During the August 18, 2011 telephone call, the NCO representative identified himself as calling from UPS.

21. During the August 18, 2011 telephone call, the NCO representative did not identify NCO as the party placing the telephone call.

22. During the August 18, 2011 telephone call, Plaintiff informed NCO that the bill was paid by credit card at the time of shipment.

23. During the August 18, 2011 telephone call and after Plaintiff informed NCO that the debt was paid, NCO informed Plaintiff that his failure to pay the amount they alleged to be owed would result in a credit penalty.

24. On August 18, 2011, Plaintiff informed NCO that he did not receive mail at his former school fraternity house address in Florida and requested a letter be sent to his father's address in New York.

25. Despite having notice that Plaintiff does not receive mail in Florida and an address in which he can receive mail, NCO never provided Plaintiff with the notices required by 15 U.S.C. § 1692g(a).

26. On August 25, 2011, Plaintiff's father, Lee Deutsch, called NCO to dispute the alleged debt.

27. In the August 25, 2011 telephone call, Lee Deutsch advised NCO that he is an attorney and represented his son with respect to the alleged debt.

28. Beginning on August 29, 2011, a series of telephone calls were placed to Lee Deutsch by NCO regarding the debt.

29. In the telephone calls to Lee Deutsch, NCO identified itself as the "UPS Disputes Department."

30. In the telephone calls to Lee Deutsch, NCO did not identify itself as the entity placing the telephone calls.

31. On September 8, 2011, an employee of NCO identified as Lakiea Griffin called Plaintiff regarding the alleged debt.

32. The September 8, 2011 telephone call was placed to Plaintiff despite knowledge that the Plaintiff was represented by an attorney.

33. In the September 8, 2011 telephone call, Lakiea Griffin did not identify NCO as the entity placing the telephone call.

34. In the September 8, 2011 telephone call, Lakiea Griffin stated he was calling from UPS.

35. Plaintiff is a law student at Emory University.

36. The State Bar of Georgia requires bar applicants to undergo a rigorous fitness examination prior to sitting for the Georgia Bar exam.

37. Individuals with unresolved outstanding debts may be ineligible to sit for the Georgia Bar exam.

38. Because Plaintiff is a law student and anticipates applying to admission to the Georgia Bar, he is especially concerned about his credit reputation.

39. NCO's actions caused plaintiff to incur actual damages, including stress, anxiety and worry regarding his credit reputation.

40. Although Plaintiff has enlisted his father, an attorney, to resolve this matter for him in order to mitigate these damages, NCO's telephone call to him directly exacerbated Plaintiff's damages.

41. The use of the acronym UPS confused the Plaintiff as the source of the telephone calls.

42. The actions by NCO in this case were intentional and calculated in order to coerce the Plaintiff into paying a debt in which he does not owe.

43. NCO's conduct violates the Georgia Fair Business Practices Act.

44. NCO's conduct violated the Federal Fair Debt Collection Practices Act.

45. Plaintiff, by and through his agents, has sent written demands for relief to NCO.

46. Plaintiff has complied with all conditions precedent to bring this action.

## CAUSE OF ACTION

## COUNT ONE: FAIR DEBT COLLECTION PRACTICES ACT

47. The acts of Defendant constitute violations of the Fair Debt Collection Practices Act.

48. Defendant's violations of the FDCPA include, but are not limited to, the following:

49. Communicating directly with the consumer when the debt collector knows that the consumer is represented by an attorney with respect to the debt and can readily ascertain such attorney's name and address, in violation of 15 U.S.C. § 1692c(a)(2);

50. The placement of telephone calls without meaningful disclosure of the caller's identity, in violation of 15 U.S.C. § 1692d(6);

51. The use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e;

52. The false representation of the character or amount of a debt, in violation of 15 U.S.C. § 1692e(2)(A);

53. The threat to communicate to any person credit information which is known or which should be known to be false, in violation of 15 U.S.C. § 1692e(8);

54. The use of any false representations or deceptive means to attempt to collect any debt, in violation of 15 U.S.C. § 1692e(10);

55. The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization, in violation of 15 U.S.C. § 1692e(14);

56. The attempt to collect an amount which is not expressly authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. § 1692f(1); and

57. The failure to provide the consumer with the written notice required by 15 U.S.C. § 1692g(a).

58. As a result of Defendant's actions, Plaintiff is entitled to an award of actual and statutory damages, as well as an award of costs and attorney fees.

### COUNT TWO: GEORGIA FAIR BUSINESS PRACTICES ACT

59. Defendant's actions constitute violations of Georgia's Fair Business Practices Act, including but not limited to, the following provisions: "The use of unfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce."

60. As a result of the Defendant's actions, Plaintiff is entitled to equitable injunctive relief, an award of actual damages, including general damages, an award of treble and exemplary damages, as well as costs and attorney fees.

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANT AND IN FAVOR OF PLAINTIFF, AS FOLLOWS:

a) That Plaintiff be awarded statutory, actual, general, treble and exemplary damages;

b) That Defendant be enjoined from identifying itself as the creditor in any future correspondence;

c) That Plaintiff be awarded the expenses of litigation including a reasonable attorney fee;

d) That the Court grant such further and additional relief as is just in the circumstances.

**SKAAR & FEAGLE, LLP**

by: /s/ Justin T. Holcombe
Justin T. Holcombe
Georgia Bar No. 552100
jholcombe@skaarandfeagle.com
Kris Skaar
Georgia Bar No. 649610
krisskaar@aol.com
P.O. Box 1478
331 Washington Ave.
Marietta, GA 30061-1478
770 / 427-5600
404 / 601-1855 fax

James M. Feagle
Georgia Bar No. 256916
jfeagle@skaarandfeagle.com
108 East Ponce de Leon Avenue
Suite 204
Decatur, GA 30030
404 / 373-1970
404 / 601-1855 fax